Sullivan/6

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-31-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
                                                    :
ANEGADA MASTER FUND, LTD., et al.,    :    Civil Action No. 08-cv-10584
                                                    :
                              Plaintiffs,    :    STIPULATION AND [▓▓▓▓▓] ORDER
                                                    :
         vs.                                       :
                                                    :
PXRE GROUP LTD., et al.,                  :
                                                    :
                              Defendants.    :
———————————————————— x

Whereas, the parties may have proprietary information and documents that are not in the public domain and are confidential, the unrestricted disclosure of which may cause undue irreparable damage to the parties and their respective businesses;

Whereas, plaintiffs and defendants wish to ensure that the Confidential Information that they disclose and exchange with each other is treated and maintained as confidential; and

Whereas, the Federal Rules of Civil Procedure provide for the issuance of protective orders limiting the disclosure of certain information in appropriate circumstances; and

Whereas, the parties have agreed to protect the confidentiality of such information in accordance with the following terms and conditions:

1.      The term "Information" as used herein shall include any document, deposition testimony, deposition exhibit, electronic data, interrogatory response, response to requests for admission or any other material or information disclosed or produced by or on behalf of a party (or any of its attorneys or agents), or by or on behalf of a non-party (or any of its attorneys or other agents), and all information derived therefrom.

2.      "Confidential" Information includes, but is not limited to, any non-public trade secret or other confidential research, development, commercial, non-public financial information, or personal information that otherwise is entitled to protective treatment under Rule 26(c) of the Federal Rules of Civil Procedure  Confidential Information shall be supplied to the other parties' counsel in electronic or paper form and shall be identified as being disclosed under this Stipulation and marked with the legend "Confidential."

3.      Plaintiffs and defendants shall use the Confidential Information that they receive solely for the purpose of the prosecution or defense of this litigation, S.D.N.Y. Case No. 08-cv-10584, including preparing for and conducting pre-trial proceedings in this action.

- 1 -

4.      Plaintiffs and defendants shall maintain the confidentiality of the Confidential Information that they receive, or any part thereof, and prevent the Confidential Information from falling into the public domain or into the possession of unauthorized persons.

5.      Confidential Information, except with the prior consent of the producing party or upon prior order of this Court, shall not be disclosed to any person other than the following:

(a)     the Court and Court personnel;

(b)     counsel of record for the parties in this litigation and employees of such counsel to whom it is necessary that the Confidential Information be disclosed for the purpose set forth in paragraph 3;

(c)     outside experts, consultants, and/or litigation support vendors or service providers, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, who are not parties in these actions or employees of any party, who are expressly retained to assist counsel of record for the purpose set forth in paragraph 3

(d)     named parties including an officer, director or in-house counsel of a named party or its affiliated companies;

(e)     deposition witnesses in this litigation.

6.      Any party seeking to submit Confidential Information to the Court with motion papers or other pleadings shall take the appropriate action required to obtain an Order from the Court sealing the Court records.

7.      Nothing in this Stipulation affects the rights of the party that produced Confidential Information to use or disclose such Information in any way.  Such disclosure shall not waive the

- 2 -

protection of this Stipulation and shall not entitle other parties, non-parties or their attorneys to use or disclose such Information.

8.      The inadvertent failure to designate Confidential Information as "Confidential" by the producing party shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific document or Information disclosed or as to any other documents or Information relating thereto or on the same or related subject matter.  Upon a producing party's discovery that a document or Information was not correctly designated, the producing party shall provide notice to the other parties that the document or Information was inappropriately designated and promptly produce a new copy of the document stamped "Confidential." Once notice of inadvertent failure to designate Confidential Information is made, the document or Information shall be treated as Confidential Information.

9.      In the event that a party produces two or more identical or substantially identical copies of a document or other Information, and any copy is designated Confidential while other copies are not so designated, all such identical or substantially identical documents or other Information shall be treated as Confidential, once notice is given of the inconsistent designation. The producing party shall be responsible for giving notice of the inconsistent designation.

10.     If any party disagrees with the designation by the producing party or non-party of any Information as Confidential, then the parties to the dispute, after providing notice to all parties in the applicable action, will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court pursuant to Local Civil Rule 37.2. All items objected to shall continue to be treated as Confidential pending resolution of the parties' dispute. If the dispute can be resolved, all parties shall promptly be informed of the resolution. If the dispute cannot be resolved informally, the disputing party may, within 30 days thereafter, or such other time period as to which the

- 3 -

applicable persons have agreed in writing or pursuant to a court order, request an informal conference with the Court pursuant to Local Civil Rule 37.2. Until the dispute is resolved, the material shall be treated consistent with the protocol set forth in Paragraphs 2-4 of this Stipulation. The disputing party bears the burden of persuading the Court that the Information is in fact not Confidential within the definition or that term set forth above. Information shall not be entitled to a Confidential designation where the disputing party demonstrates that such material was in the public domain at the time of, or has become public since, its designation. Nothing in this Stipulation precludes any party from challenging a confidentiality designation on any other ground.

11.     If any party has obtained Confidential Information under the terms of this Stipulation and receives a subpoena or other compulsory process commanding the production of such Confidential Information, except as otherwise provided by law, such party shall notify the producing party no later than seven days following receipt of the subpoena (but in no event later than seven days prior to compliance with the subpoena), including in such notice the date set for the production of such subpoenaed information, so that the producing party or non-party may file a motion for a protective order to quash the subpoena. In the event that the producing party files such a motion, the subpoenaed party shall not produce any Confidential in response to the subpoena without the prior written consent of the producing party, unless in response to an order of a court of competent jurisdiction, or unless a failure to produce such Confidential Information would, in the judgment of the subpoenaed party, constitute a violation of any law, rule or regulation. In the event that any Confidential Information is used in any pre-trial court hearing or proceeding in those actions, and there is any dispute as to whether such material continues to be Confidential, the parties will meet and confer to resolve such dispute.

- 4 -

12.    The parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching such agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential Information which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information at trial or hearing upon reasonable notice to all parties who have produced such information.

13.    All provisions of this Protective Order restricting the use of Information obtained during discovery shall continue to be binding after the conclusion of these actions, including all appeals, until further order of the Court, unless the parties agree otherwise in writing, and except to the extent necessary for counsel to defend its conduct if such conduct is challenged in a collateral or pending action. Any and all originals and copies of documents or other Information deemed to be Confidential shall, at the request of the Designating Person, be returned to the Designating Person, or destroyed, within 60 days after a final judgment and appeals herein, or settlement of any of these actions except that outside counsel for each party (whether or not counsel of record) may maintain in its files copies of each pleading and litigation document filed with the Court, and each written discovery request and written response thereto (but not Confidential Information produced in response to a request for production of documents, which must be returned to the Designating Person or destroyed in accordance with the procedure identified elsewhere in this Paragraph). If the possessing party elects to destroy the Information rather than return it, the possessing party shall provide the producing party or non-party written certification that the destruction has been completed using commercially reasonable efforts. Nothing in this Paragraph shall require any party to destroy attorney work product or attorney-client communications that contain or reflect

- 5 -

Confidential Information. Nothing in this provision shall limit the right, if any, of any party or non-party to object to, and seek a ruling of the Court concerning, a parties' retention of any discovery material. To the extent any person or entity retains copies of Information pursuant to the terms of this Paragraph, such Information shall continue to be subject to the protections provided by this Order. In addition, all restrictions in this Order regarding the use by any person or entity of anything contained in or obtained from the Information shall continue even after such Information is returned or destroyed.

14.    If information subject to the attorney-client privilege, attorney work product or any other applicable privilege or immunity from discovery is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose other than in connection with a motion to compel. The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

- 6 -

DATED: May 26, 2011

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.

_____
MARIO ALBA JR.

58 South Service Road, Suite 200
Melville, New York 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
malba@rgrdlaw.com

STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP
ALLAN STEYER
MICHELLE AKERMAN
One California Street, 3rd Floor
San Francisco, CA 94111
Telephone: 415/421-3400
415/421-2234 (fax)

Attorneys for Plaintiffs

DATED: May 26, 2011

SIMPSON THACHER & BARTLETT LLP

By: _____
Bruce D. Angiolillo
Jonathan K. Youngwood
Janet A. Gochman
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
**Attorneys for PXRE Group, Ltd. and Argo
Group International Holdings, Ltd.**

DEBEVOISE & PLIMPTON LLP

By: _____
Jonathan R. Tuttle (admitted *pro hac vice*)
Scott N. Auby
555 13th St., N.W.
Washington, D.C. 20004
Telephone: (202) 383-2000
Facsimile: (202) 383-8118
**Attorneys for Jeffrey L. Radke**

- 7 -

DATED: May 26, 2011                    ROBBINS GELLER RUDMAN
                                       & DOWD LLP
                                       SAMUEL H. RUDMAN
                                       DAVID A. ROSENFELD
                                       MARIO ALBA JR.


                                       _____
                                                MARIO ALBA JR.

                                       58 South Service Road, Suite 200
                                       Melville, New York 11747
                                       Telephone: 631/367-7100
                                       631/367-1173 (fax)
                                       srudman@rgrdlaw.com
                                       drosenfeld@rgrdlaw.com
                                       malba@rgrdlaw.com

                                       STEYER LOWENTHAL BOODROOKAS
                                       ALVAREZ & SMITH LLP
                                       ALLAN STEYER
                                       MICHELLE AKERMAN
                                       One California Street, 3rd Floor
                                       San Francisco, CA 94111
                                       Telephone: 415/421-3400
                                       415/421-2234 (fax)

                                       Attorneys for Plaintiffs


DATED: May 26, 2011

SIMPSON THACHER & BARTLETT LLP          DEBEVOISE & PLIMPTON LLP

By: _____             By: _____
Bruce D. Angiolillo                     Jonathan R. Tuttle (admitted *pro hac vice*)
Jonathan K. Youngwood                   Scott N. Auby
Janet A. Gochman                        555 13th St., N.W.
425 Lexington Avenue                    Washington, D.C. 20004
New York, New York 10017-3954           Telephone: (202) 383-2000
Telephone: (212) 455-2000               Facsimile: (202) 383-8118
Facsimile: (212) 455-2502               **Attorneys for Jeffrey L. Radke**
**Attorneys for PXRE Group, Ltd. and Argo**
**Group International Holdings, Ltd.**

- 7 -

DATED: May 26, 2011            ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                         SAMUEL H. RUDMAN
                                         DAVID A. ROSENFELD
                                         MARIO ALBA JR.

_____

MARIO ALBA JR.

58 South Service Road, Suite 200
Melville, New York 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
malba@rgrdlaw.com

STEYER LOWENTHAL BOODROOKAS
   ALVAREZ & SMITH LLP
ALLAN STEYER
MICHELLE AKERMAN
One California Street, 3rd Floor
San Francisco, CA 94111
Telephone: 415/421-3400
415/421-2234 (fax)

Attorneys for Plaintiffs

DATED: May 26, 2011

SIMPSON THACHER & BARTLETT LLP       DEBEVOISE & PLIMPTON LLP

By: _____                  By: _____
Bruce D. Angiolillo                             Jonathan R. Tuttle (admitted *pro hac vice*)
Jonathan K. Youngwood                       Scott N. Auby
Janet A. Gochman                             555 13th St., N.W.
425 Lexington Avenue                         Washington, D.C. 20004
New York, New York 10017-3954        Telephone: (202) 383-2000
Telephone: (212) 455-2000              Facsimile: (202) 383-8118
Facsimile: (212) 455-2502               **Attorneys for Jeffrey L. Radke**
**Attorneys for PXRE Group, Ltd. and Argo**
**Group International Holdings, Ltd.**

- 7 -

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By: _____
Brad S. Karp
Jonathan H. Hurwitz
Joshua D. Anders
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 492-0316
Attorneys for Guy D. Hengesbaugh

SEWARD & KISSEL LLP

By: _____
M. William Munno
Walter A. Naeder
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421
Attorneys for John M. Modin

ORDER

IT IS SO ORDERED.

DATED: _May 30, 2011_

_____
HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

- 8 -